IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EMANUEL H. JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-674-SLR |
| | ) |
| OFFICER NORRIS, NEW CASTLE | ) |
| COUNTY POLICE DEPARTMENT, and | ) |
| SUPERVISOR DOMENICK GREGORY, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 14th day of December, 2006, having screened the case pursuant to 28 U.S.C. § 1915 and § 1915A;

IT IS ORDERED that plaintiff's motion to amend/correct the complaint and amended complaint is granted, and the claims against defendant Domenick Gregory are dismissed, without prejudice, for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915 and § 1915A, for the reasons that follow:

1. **Background.** Plaintiff Emanuel H. Jones, an inmate at the Howard R. Young Correctional Institution, filed this civil rights action pursuant to 42 U.S.C. § 1983. He appears pro se and has been granted leave to proceed in forma pauperis.

2. **Standard of Review.** When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government

defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

3. The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(citing Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993)). Additionally, pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521 (1972)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

4. **Discussion**. Plaintiff alleges that during his arrest on May 27, 2006, defendant Officer Norris ("Norris") acted in a discriminatory manner, used excessive force, and threatened plaintiff with additional charges if he did not refuse medical

-2-

treatment. (D.I. 2) Plaintiff alleges that defendant police supervisor Domenick Gregory ("Gregory") allowed Norris to commit the acts, should have known of plaintiff's need for medical treatment, and improperly supervised Norris. (D.I. 5, 7) Plaintiff alleges that the New Castle County Police Department has a policy of not taking reasonable steps to train its employees. (D.I. 7)

5. **Personal Involvement/Respondeat Superior.** A civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (citing Boykins v. Ambridge Area Sch. Dist., 621 F.2d 75, 80 (3d Cir. 1980); Hall v. Pennsylvania State Police, 570 F.2d 86, 89 (3d Cir. 1978)). Additionally, when bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

6. It appears that plaintiff seeks to hold Gregory liable on the basis of his supervisory position. Supervisory liability cannot be imposed under 1983 on a respondeat superior theory. See Monell v. Department of Social Services of City of New York, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). In order for a supervisory public official to be held liable for a subordinate's constitutional tort, the official must either be

the "moving force [behind] the constitutional violation" or exhibit "deliberate indifference to the plight of the person deprived."  Sample v. Diecks, 885 F.2d 1099, 1118 (3d Cir. 1989) (citing City of Canton v. Harris, 489 U.S. 378, 389 (1989)).

7.  There is nothing in the complaint to indicate that Gregory was the driving force behind the conduct described in plaintiff's allegations.  More so, the complaint does not indicate that Gregory was aware of plaintiff's allegations and remained "deliberately indifferent" to his plight.  Sample v. Diecks, 885 F.2d at 1118.  Rather, the complaint alleges that it was not until after the fact that Gregory became aware of the alleged actions of Norris. Therefore, the court will dismiss the claims against Gregory  without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

8.  **Conclusion.**  The motion to amend/correct the complaint and amended complaint (D.I. 7) is granted.  Based upon the foregoing analysis, defendant Domenick Gregory is dismissed, without prejudice, for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915 and § 1915A. Plaintiff may proceed against the remaining defendants.

IT IS FURTHER ORDERED that:

1.  The clerk of the court shall cause a copy of this order to be mailed to plaintiff.

2.  Pursuant to Fed. R. Civ. P. 4(c)(2), 4(i) and (j),

Plaintiff has provided USM-285 forms for the remaining defendants. He shall also complete and return to the clerk of the court an **original** "U.S. Marshal-285" form for the **Chief Executive Officer for New Castle County, New Castle, Delaware. Plaintiff has provided the court with copies of the complaint (D.I. 2) for service upon the remaining defendants and the chief executive officer for New Castle County. Plaintiff shall also provide the court with copies of the amended complaint (D.I. 5) the motion to amend/correct (D.I. 7), and the witness statement of Daniel Jones (D.I. 8) for service upon the remaining defendants and the chief executive officer for New Castle County. Plaintiff is notified that the United States Marshal will not serve the complaint, amended complaints and statement until all "U.S. Marshal 285" forms have been received by the clerk of the court. Failure to provide the "U.S. Marshal 285" forms for the chief executive officer for New Castle County within 120 days of this order may result in the complaint being dismissed or defendants being dismissed pursuant to Federal Rule of Civil Procedure 4(m).**

3.  Upon receipt of the form(s) required by paragraph 2 above, the United States Marshal shall forthwith serve a copy of the complaint, amended complaints, and witness statement (D.I. 2, 5, 7, 8), this order, a "Notice of Lawsuit" form, the filing fee

order(s), and a "Return of Waiver" form upon the defendant(s) so identified in each 285 form.

4.  Within **thirty (30) days** from the date that the "Notice of Lawsuit" and "Return of Waiver" forms are sent, if an executed "Waiver of Service of Summons" form has not been received from a defendant, the United States Marshal shall personally serve said defendant(s) pursuant to Fed. R. Civ. P. 4(c)(2) and said defendant(s) shall be required to bear the cost related to such service, unless good cause is shown for failure to sign and return the waiver.

5.  Pursuant to Fed. R. Civ. P. 4(d)(3), a defendant who, before being served with process timely returns a waiver as requested, is required to answer or otherwise respond to the complaint within **sixty (60) days** from the date upon which the complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form are sent.  If a defendant responds by way of a motion, said motion shall be accompanied by a brief or a memorandum of points and authorities and any supporting affidavits.

6.  No communication, including pleadings, briefs, statement of position, etc., will be considered by the court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

7.  **NOTE: \*\*\*** When an amended complaint is filed prior to

service, the court will **VACATE** all previous service orders entered, and service **will not take place**. An amended complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. §1915(e)(2) and § 1915A(a). **\*\*\***

8.  **NOTE:** **\*\*\*** Discovery motions and motions for appointment of counsel filed prior to service will be dismissed without prejudice, with leave to refile following service. **\*\*\***

                                                                 /s/ Sue L. Robinson
                                      UNITED STATES DISTRICT JUDGE