IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EMANUEL H. JONES, | : |
| Plaintiff, | : C.A. No. 06-674 |
| v. | : JURY TRIAL DEMANDED |
| OFFICER NORRIS and NEW CASTLE COUNTY POLICE DEPARTMENT, | : |
| Defendants. | : |

**ANSWER OF DEFENDANT OFFICER NORRIS**

Defendant, Officer Bradley Norris, Answers the Complaint and Amended Complaint and admits, denies and alleges, as follows:

**STATEMENT OF CLAIM**

1. To the extent a response is required by Answering Defendant Officer Bradley Norris (hereinafter "Norris") to the Plaintiff's allegations in his Complaint and Amended Complaint about any alleged wrongdoing on the part of the Answering Defendant Norris on May 27, 2006 or other relevant times, such allegations are denied.

2. Answering Defendant Norris denies any allegations that he infringed any constitutional or State rights of the Plaintiff in the May 27, 2006 incident about which the Plaintiff complains in this action.

3. Answering Defendant Norris denies allegations of his use of the word, "nigga," in the May 27, 2006 incident about which the Plaintiff complains in this action.

4. Answering Defendant Norris denies the use of excessive force in the May 27, 2006 incident about which the Plaintiff complains in this action, and avers that, at all times relevant, used only the amount of force necessary under the circumstances.

5. Answering Defendant Norris denies causing the physical injuries about which the Plaintiff complains in this action, and avers that Plaintiff refused the offer of medical treatment at police headquarters on May 27, 2006.

5. All other allegations in the Complaint and Amended Complaint that require a response from the Answering Defendant Norris are denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The claims alleged in the Complaint and Amended Complaint fail to state a federal or state claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff's damages, if any, under State law are limited by 10 *Del.C.* § 4013, *et seq.*

### Fourth Affirmative Defense

Answering Defendant Norris is either immune from liability for punitive damages or not liable for punitive damages factually or legally.

### Fifth Affirmative Defense

Answering Defendant Norris was not negligent, reckless, willful, wanton, unlawful or malicious.

### Sixth Affirmative Defense

Any damages or injury, constitutional or otherwise, suffered by Plaintiff, to the extent actually incurred, were not caused by any conduct, action, inaction, policy or custom of Answering Defendant Norris.

**Seventh Affirmative Defense**

The actions and conduct of Answering Defendant Norris, to the extent they occurred as alleged, were objectively reasonable under the circumstances, and as such, Answering Defendant Norris enjoys qualified immunity from all liability therefore.

**Eighth Affirmative Defense**

The actions and conduct of Answering Defendant Norris did not violate any clearly established constitutional, federal, statutory or other rights of which Answering Defendant Norris reasonably should have been aware, and as such, Answering Defendant Norris is entitled to qualified immunity.

**Ninth Affirmative Defense**

The actions and conduct of Answering Defendant Norris, to the extent they occurred as alleged, were undertaken in a good faith performance of official duties, without wantonness or malice, and were therefore, privileged under applicable State law.

**Tenth Affirmative Defense**

The force allegedly used by Answering Defendant Norris did not rise to the level of a constitutional violation and, therefore, Plaintiff did not suffer any infringement of his constitutional rights.

**Eleventh Affirmative Defense**

Plaintiff is not entitled to the relief petitioned for in the Complaint or Amended Complaint or any other relief by virtue of the matters and admissions of the Plaintiff set forth in the Complaint and Amended Complaint.

**Twelfth Affirmative Defense**

Plaintiff's claims are barred by collateral estoppel and res judicata.

### Thirteenth Affirmative Defense

Any injury or damages suffered by the Plaintiff, to the extent actually incurred, were caused by reason of the Plaintiff's own wrongful and/or unlawful conduct and acts, reckless misconduct and/or negligence.

### Fourteenth Affirmative Defense

The use of force by Answering Defendant Norris was justified under constitutional and State law.

### Fifteenth Affirmative Defense

Plaintiff assumed the risk of a known danger.

### Sixteenth Affirmative Defense

Answering Defendant Norris's actions were based upon probable cause and were justifiable.

### Seventeenth Affirmative Defense

The claims alleged in the Complaint and Amended Complaint are barred by the doctrine of sovereign immunity. 10 *Del.C.* § 4010, *et seq.*

### CONCLUSION

WHEREFORE, Answering Defendant, Officer Norris, respectfully requests that this Court dismiss the Complaint and Amended Complaint with prejudice and enter judgment in favor of Answering Defendant, Officer Norris, and award Answering Defendant, Officer Norris, reasonable attorneys fees and costs of suit and other such relief as the Court deems just and proper.

/s/  *Julie M. Sebring*
Julie M. Sebring (Id. # 2259)
Assistant County Attorney
New Castle County Law Department
87 Reads Way, New Castle, DE  19720
(302) 395-5130
*Attorneys for Defendants New Castle*
*County Police Department*
*and Officer Norris*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EMANUEL H. JONES | : |
| Plaintiff, | : C.A. No. 06-674 |
| v. | : JURY TRIAL DEMANDED |
| OFFICER NORRIS and NEW CASTLE COUNTY POLICE DEPARTMENT, | : |
| Defendants. | : |

## CERTIFICATE OF SERVICE

I, Julie M. Sebring, Esq., Assistant County Attorney, hereby certify that on April 10, 2007, I electronically filed the foregoing "Answer of Defendant Officer Norris" with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Emanuel H. Jones
SBI#557338 Pro Se
HRYCI
1301 E. 12th St.
P.O. Box 9561
Wilmington, DE 19809

/s/ *Julie M. Sebring*
JULIE M. SEBRING
Assistant County Attorney
(Delaware Bar No. 2259)
New Castle County Law Department
87 Reads Way, New Castle, DE 19720
Telephone: (302)395-5130