IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EMANUEL H. JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 06-674-SLR |
| | ) |
| OFFICER NORRIS and NEW CASTLE COUNTY POLICE DEPARTMENT, | ) ) ) ) |
| | ) |
| Defendants. | ) |

**ORDER**

At Wilmington this 17th day of April, 2007, having considered plaintiff's pending motions;

IT IS ORDERED that:

1. Plaintiff's motion to amend/correct the complaint (D.I. 25) is **granted**. "After amending once or after an answer has been filed, the plaintiff may amend only with leave of the court or the written consent of the opposing party, but 'leave shall be freely given when justice so requires.'" Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) (quoting Fed. R. Civ. P. 15(a)). Plaintiff filed his complaint pursuant to 42 U.S.C. § 1983, and also filed amended complaints. The defendants have been served and appeared in the case and the amendment clarifies plaintiff's claims against the New Castle County Police Department.

2. Plaintiff's motion for appointment of counsel with memoranda in support thereof (D.I. 14, 16, 20, 26) is **denied without prejudice**. Plaintiff, a pro se litigant proceeding in forma pauperis, has no constitutional or statutory right to representation by counsel. See Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981); Parham v. Johnson, 126 F.3d 454,

456-57 (3d Cir. 1997). The "decision to appoint counsel may be made at any point in the litigation, and may be made by a district court sua sponte." Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002). It is within the court's discretion to seek representation by counsel for plaintiff, but this effort is made only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting. . .from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984); accord Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993)(representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law). After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel, including: (1) plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of plaintiff to pursue investigation; (4) plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and 6) whether the case will require testimony from expert witnesses. Tabron, 6 F.3d at 155-57; accord Parham, 126 F.3d at 457; Montgomery v. Pinchak, 294 F.3d at 499.

3. In the present case, plaintiff has shown that he is able to articulate the alleged facts clearly. To date, the motions he has filed evidence his ability to understand and implement the Federal Rules of Civil Procedure. Also, this is not a complex case. Moreover, plaintiff's case will most likely not require expert testimony.

_____
UNITED STATES DISTRICT JUDGE