IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

EMANUEL H. JONES,                    )
                                     )
            Plaintiff,               )
                                     )
      v.                             )    Civ. No. 06-674-SLR
                                     )
OFFICER NORRIS and NEW CASTLE        )
COUNTY POLICE DEPARTMENT,            )
                                     )
            Defendants.              )

**O R D E R**

At Wilmington this 29th day of March, 2008, having considered plaintiff's

motions for appointment of counsel;

IT IS ORDERED that said motions (D.I. 31, 39) are denied for the reasons that

follow:

1. A pro se litigant proceeding in forma pauperis has no constitutional or

statutory right to representation by counsel. See Ray v. Robinson, 640 F.2d 474, 477

(3d Cir. 1981); Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). It is within the

court's discretion to seek representation by counsel for plaintiff, and this effort is made

only "upon a showing of special circumstances indicating the likelihood of substantial

prejudice to [plaintiff] resulting . . . from [plaintiff's] probable inability without such

assistance to present the facts and legal issues to the court in a complex but arguably

meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984); accord

Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993) (representation by counsel may be

appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law).

2. After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel, including: (1) the plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. Tabron, 6 F.3d at 155-57; accord Parham, 126 F.3d at 457; Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002).

3. The motions at bar are plaintiff's second and third motions for appointment of counsel. The first motion (D.I. 14) was denied on April 19, 2007. (D.I. 29) Subsequently, plaintiff exchanged discovery materials, filed notices and additional moitons with the court. (D.I. 34, 37, 38) Although plaintiff states that he has limited knowledge of the law and lacks the expertise to conduct a factual investigation of the matter, the court finds the various papers submitted by plaintiff demonstrate an ability to coherently present his claims and requests for relief.    Accordingly, plaintiff's motions for appointment of counsel are denied without prejudice.

United States District Judge

2